FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 SEP 28 PM 1:12
CLERK R. Ada
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLARENCE G. SHANKLIN,

Petitioner,

vs.

CIVIL ACTION NO.: CV210-087

ANTHONY HAYNES, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clarence G. Shanklin ("Shanklin") who is currently incarcerated at the Jesup Satellite Low facility in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government filed a Response, and Shanklin filed a Traverse. For the reasons which follow, Shanklin's petition should be **DENIED**.

## STATEMENT OF THE CASE

Shanklin was arrested on November 11, 2001, by police in Jasper, Alabama, in connection with an attempted murder. (Doc. No. 5-1, p. 8). He remained in state custody until he was released to the U.S. Marshal pursuant to a federal writ for an initial appearance and arraignment on federal drug conspiracy charges. (Doc. No. 5-1, p. 2). After pleading guilty to the federal charges, Shanklin was sentenced on July 25, 2002, by the federal district court. (Doc. No. 4-2, p. 32). Shanklin received a sentence of 135 months' imprisonment. Id. He was returned to state authorities by the U.S. Marshal on August 16, 2002. (Doc. No. 4-1, p. 3). On November 18, 2002, Shanklin was

sentenced in Walker County Circuit Court to 25 years' imprisonment on the state attempted murder charges. (Id.). That judgment indicated that Shanklin would be "given credit for time spent incarcerated pending trial." (Doc. No. 4-1, p. 16). It made no mention of the already-imposed federal sentence. Shanklin applied for service of the sentence on probation, and his sentence was suspended pending a probation hearing. (Doc. No. 1, p. 11). He was remanded to the Walker County jail pending that hearing. (Id.). At the hearing, Shanklin was denied probation and sent to state prison to begin serving the state sentence. (Id. at 11-12).

Shanklin subsequently filed a "Rule 32 Petition" in which he argued that the state court should have made his state sentence concurrent with the federal sentence. The state agreed that the intent of the plea agreement was for Shanklin, by some mechanism, to serve his state sentence concurrent with his federal sentence. (Id. at pp. 11-13). On October 15, 2004, a state judge granted Shanklin's Rule 32 Petition. (Id. at p. 14). Shanklin was released by state authorities on December 8, 2004 and commenced serving his federal sentence. (Doc. No. 4-1, p. 20). Shanklin requested *nunc pro tunc* designation of the state facility back to July 25, 2002—the date the federal sentence was imposed. (Doc. No. 1, p. 6). Shanklin's request was denied.

In the instant petition, Shanklin asserts that the Federal Bureau of Prisons ("BOP") failed to follow the guidelines of Policy Statement 5160.05 in denying his *nunc pro tunc* designation request, or, in the alternative, that the BOP unreasonably applied Policy Statement 5160.05 in denying Shanklin's request. The Government asserts the BOP followed the procedures set forth in PS 5160.05 and "considered the relevant

statutes and policies in exercising its independent discretion to deny Shanklin's request for *nunc pro tunc* designation." (Doc. No. 4, p. 5).

## **DISCUSSION AND CITATION TO AUTHORITY**

The BOP shall designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). The BOP, in its "sound discretion", can "designate a state prison as a place of federal confinement *nunc pro tunc*." Roman v. Nash, 184 Fed. Appx. 277, 279 (3d Cir. 2006) (citing Barden v. Keohane, 921 F. 2d 476, 481 (3d Cir. 1990); see also McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998); Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002). In making this determination, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b).

The BOP's implementation of this statute is found at Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. (Doc. No 4-1, pp. 31-43). This Statement provides an inmate with the opportunity to request a *nunc pro tunc* designation based on an inmate's request for pre-sentence credit for time spent in service of a state sentence. (Id. at p. 35). While the BOP must consider an inmate's request, the BOP has no obligation to grant the request "by designating a state institution retroactively as the place to serve the federal sentence." (Id. at p. 36). The BOP will gather and review certain information, such as the federal and state

Judgments and Commitments, the state sentence data record to include jail credit, and "any other pertinent information" relating to the sentences. (Id.) The BOP will also send a letter to the sentencing court in cases where the federal sentence is imposed before any state sentences and there is no recommendation regarding the service of the federal sentences in relation to the as-yet imposed state sentence. (Id.)

Because the designation of the facility for service of a federal sentence is within the BOP's power, a § 2241 challenge to the BOP's decision to deny *nunc pro tunc* designation to a state facility is reviewed by the district court only for an abuse of discretion. Reynolds v. Thomas, 603 F.3d 1144, 1153 (11th Cir. 2010). If the BOP fully and fairly considered the prisoner's claim under the procedures set out in Program Statement 5160.05 and the relevant statutes, its exercise of its discretionary authority should be upheld.

Following the procedure set out in Program Statement 5160.05, the BOP sent a letter to the sentencing court to seek its position on Shanklin's *nunc pro tunc* request. (Doc. No. 4-1, p. 45). No response was received. (Id. at p. 4). The BOP conducted a review of the factors set out in 18 U.S.C. § 3621(b) to determine whether a *nunc pro tunc* designation of the state facility should be granted. (Id. at pp. 48-49). The BOP noted that the nature and circumstances of the offense involved the commission of serious crimes – on the federal side, a conspiracy to distribute drugs, and, on the state side, attempted murder. (Id.). The history and characteristics of the offender indicated a serious criminal history with prior burglary, arson, and drug offenses and a history of drug use. (Id.). With respect to the position of the federal sentencing court, the BOP concluded that nothing in the federal judgment indicated a preference for a concurrent

sentence. (Id.). Based on these factors, and "based on the fact that the two cases, state and federal, [were] not related," the BOP decided not to award *nunc pro tunc* designation to Shanklin. (Id. at p. 49).

The BOP validly exercised its discretion pursuant to the appropriate statutes and Program Statement 5160.05 in considering Shanklin's request for *nunc pro tunc* designation. Its denial of Shanklin's request did not constitute an abuse of discretion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Shanklin's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE